**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DALE HARRY HYLOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 99-CV-0898-CVE |
| ) | |
| TERRY MARTIN, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced October 22, 1999, or more than fourteen (14) years ago, by Petitioner Dale Harry Hylok, a state prisoner appearing pro se. By Order filed October 3, 2000 (Dkt. # 12), the Court dismissed the petition with prejudice as barred by the one-year statute of limitations. Judgment (Dkt. # 13) was entered in favor of Respondent on October 3, 2000. Petitioner did not appeal the Court's ruling to the Tenth Circuit Court of Appeals.

On December 4, 2013, Petitioner filed a "motion for relief from judgment under Rule 60(b)" (Dkt. # 15). Upon receipt of Petitioner's motion, the case was randomly reassigned to the undersigned.[2] See Dkt. # 14. As authority for his request for relief from judgment, Petitioner cites Rule 60(b), Federal Rules of Civil Procedure. When a Rule 60(b) motion asserts or reasserts federal bases for relief from the underlying conviction, the motion is properly considered second or

---

[1] Petitioner's Rule 60(b) motion reflects that he is presently in custody at Dick Conner Correctional Center (DCCC). See Dkt. # 15 at 18. Under Rule 2(a), Rules Governing Section 2254 Proceedings in the United States District Courts, the proper respondent is the state officer having custody of the petitioner. In this case, Terry Martin, Warden of DCCC, is the state officer having custody of Petitioner. Therefore, the Clerk of Court shall be directed to substitute Terry Martin, Warden, in place of Sam Calbone, Warden, as party respondent.

[2] The Hon. Sven Erik Holmes, the judge originally assigned to this case, resigned from the bench in March 2005.

successive habeas corpus petition subject to the restrictions imposed by 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005). However, when a Rule 60(b) motion challenges a procedural aspect of the case, it is a "true" Rule 60(b) motion, free from § 2244's requirements. See id. at 533. In Spitznas v. Boone, 464 F.3d 1213, 1215 n.3 (10th Cir. 2006), the Tenth Circuit provided guidance for applying the Gonzalez holding to Rule 60(b) motions filed in habeas corpus cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3). See 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). In the case of a "mixed" motion-that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims-the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization.

Spitznas, 464 F.3d at 1217.

In the Rule 60(b) motion before the Court, Petitioner first alleges that, under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the one-year limitations period does not apply because he asserts a claim of actual innocence. As a result, he claims that the Court's dismissal of his petition as time barred was erroneous. That claim challenges a procedural aspect of the case and is, therefore, a "true" Rule 60(b) ground. See Gonzalez, 545 U.S. at 535-36 ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition"); see also Spitznas, 464 F.3d at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion."). Petitioner

2

further alleges that he was denied a direct appeal from his Oklahoma state court conviction through no fault of his own, that he received ineffective assistance of counsel, and that his attorney labored under a conflict of interest. Those claims assert or reassert federal grounds for relief from Petitioner's conviction entered in Rogers County District Court, Case No. CRF-1985-231, and constitute second or successive habeas corpus claims. As a result, the Court finds Petitioner's motion is a "mixed" Rule 60(b) motion because it contains both a true Rule 60(b) claim and second or successive habeas claims. Therefore, pursuant to Spitznas, the Court shall address the merits of the true Rule 60(b) allegations separately from the second or successive habeas grounds. Spitznas, 464 F.3d at 1217.

The Court finds Petitioner is not entitled to Rule 60(b) relief on his challenge to the dismissal of his petition as time barred. Petitioner relies on McQuiggin v. Perkins to argue that because he claims to be actually innocent, the one-year statute of limitations does not apply. See Dkt. # 15 at ¶ 7. As a preliminary matter, Petitioner never argued in his petition for writ of habeas corpus and supporting brief that he is actually innocent of First Degree Murder, the crime for which he was convicted. He first raises a claim of actual innocence in the Rule 60(b) motion presently before the Court. In addition, Perkins does not stand for the proposition that a claim of actual innocence automatically overcomes a bar resulting from expiration of the one-year limitations period. The Supreme Court emphasized that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Perkins, 133 S. Ct. at 1936 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). In this case, Petitioner's claim of actual innocence is unsupported by any evidence. He merely states that "the statute of limitations

3

of one-year does not apply to cases, such as this, where actual innocence is asserted." See Dkt. # 15. In the absence of new evidence demonstrating Petitioner's actual innocence, Petitioner's claim falls far short of overcoming the one-year limitations bar. His request for relief from judgment under Fed. R. Civ. P. 60(b) shall be denied.

Petitioner also asserts or reasserts that he is entitled to habeas corpus relief based on his claims that he was denied both the effective assistance of counsel and a direct appeal through no fault of his own. See Dkt. # 15. Those grounds for relief constitute a second or successive habeas claims filed without prior authorization from the Tenth Circuit. See Gonzalez, 545 U.S. at 531-32 (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"). As a result, this Court lacks jurisdiction to consider the claims. Lopez, 141 F.3d at 975-76. Petitioner is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition in this district court. 28 U.S.C. § 2244(b).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite

4

jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

Upon review of the second or successive habeas claims raised in Petitioner's Rule 60(b) motion, the Court finds there is no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the claims to the Tenth Circuit for authorization. Therefore, Petitioner's substantive grounds for relief shall be dismissed without prejudice for lack of jurisdiction as second or successive claims filed without prior authorization.

## Certificate of Appealability

A petitioner is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court

5

concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.  A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **substitute** Terry Martin, Warden, in place of Sam Calbone, Warden, as party respondent.

2. Petitioner's motion for relief pursuant to Rule 60(b) (Dkt. # 15) is adjudicated as follows:

   a. Rule 60(b) relief requested as to the Court's prior ruling dismissing the petition for writ of habeas corpus as time barred is **denied**.

   b. Petitioner's substantive claims are **dismissed without prejudice** for lack of jurisdiction as second or successive habeas claims filed without prior authorization from the Tenth Circuit Court of Appeals.

3. A certificate of appealability is **denied**.

**DATED** this 16th day of December, 2013.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE