UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE H. HYLOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 99-CV-0898-CVE |
| | ) | |
| JANET DOWLING, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Now before the Court is petitioner Dale Hylok's motion for relief from final judgment under Fed. R. Civ. P. 60(b) (Dkt. # 19).[2] He asks the Court to vacate the order dismissing his 28 U.S.C. § 2254 habeas petition. Id.

### I.

On September 2, 1986, petitioner pled guilty to first degree murder in Rogers County District Court, Case No. CRF-85-231. He was sentenced to life imprisonment. Petitioner filed his first 28 U.S.C. § 2254 habeas petition in 1996 (Dkt. # 1 in Case No. 96-C-43-B). By an Order filed January 27, 1997, the petition was dismissed without prejudice for failure to exhaust state remedies. Id. Petitioner appealed the decision, lost, and eventually returned to state court to seek post-conviction relief. See Dkt. # 1 at 3-4 .

---

[1] Petitioner is currently incarcerated at Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. See Dkt. # 19. Janet Dowling, DCCC's warden, is therefore substituted in place of Terry Martin as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note the substitution on the record.

[2] Unless otherwise noted, all docket references are to the instant case, Case No. 99-CV-0898.

Petitioner filed his second § 2254 petition in 1999 (Dkt. # 1). By an Order and Judgment filed October 3, 2000 (Dkt. # 12, 13), the Court (Hon. Sven Erik Holmes, retired) dismissed the petition as time barred. There was no activity in the case until 2013, when petitioner sought relief under FED. R. CIV. P. 60(b). See Dkt. 15. He argued the one-year limitation period does not apply based on actual innocence. Id. at 3-4. Petitioner also reasserted the merits of his habeas claims. Id. at 5-18. By an Order filed December 16, 2013, the Court denied relief under Rule 60(b) and dismissed the habeas claims as second or successive.

On September 14, 2017, petitioner filed the instant motion under Rule 60(b)(6) (Dkt. # 19).

**II.**

Rule 60(b) relief is available in § 2254 proceedings, but it "cannot be used to circumvent restraints on successive habeas petitions." See Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Id. at 1215-16.

Petitioner's motion contains a mixture of Rule 60(b) allegations and successive habeas claims. He contends that his second § 2254 petition should not have been dismissed as untimely because: (1) he was unrepresented; (2) his first, unexhausted § 2254 petition was filed within the one-year limitation period; and (3) he paid a $750 fine in state court to complete the exhaustion process before returning to federal court. See Dkt. # 19 at 15. Petitioner also reasserts his federal habeas claims. He argues that his trial counsel harbored a secret grudge against him; the state court wrongfully denied post-conviction relief; and he was denied a direct appeal through no fault of his own. Id. at 5-12. Consistent with Spitznas, the merits of the Rule 60(b) allegations must be considered separately from the successive habeas claims. See 464 F.3d at 1217.

As to Rule 60(b), the Court finds that petitioner is not entitled to relief from the judgment. Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Petitioner's lack of counsel does not satisfy this standard, as there is no constitutional right to counsel in post-conviction proceedings. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008). It is also well established that a timely, unexhausted habeas petition does not immunize a later, untimely filing from dismissal. See Duncan v. Walker, 533 U.S. 167, 172 (2001) (addressing exhaustion and noting "a . . . federal habeas petition does not toll the limitation period"). Finally, the fact that petitioner accrued a fine in state court has no impact on his entitlement to relief in a federal habeas proceeding. Consequently, Petitioner's request for Rule 60(b) relief must be denied.

Petitioner's remaining arguments attack the underlying conviction and therefore constitute successive habeas claims. The "district court does not have jurisdiction to address the merits of a

3

second or successive [habeas] . . . claim until [the Tenth Circuit] has granted the required authorization" to proceed. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). See also 28 U.S.C. § 2244(b) (requiring a second or successive § 2254 petition to be certified by the appropriate court of appeals). When the motion is filed without authorization, the district court has discretion to either transfer the matter to the Tenth Circuit, in the interests of justice, or dismiss the motion for lack of jurisdiction. Cline, 531 F.3d at 1252. Factors to consider in evaluating a transfer include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims . . . are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear . . . that the court lacked the requisite jurisdiction." Id. at 1251.

Having reviewed petitioner's successive habeas claims, the Court declines to transfer the matter. The motion was filed in 2017, nearly ten years after the conviction became final. See Dkt. # 19; see also Dkt. # 12 at 5. Further, the order denying petitioner's last Rule 60(b) motion clearly placed him on notice that the Court lacks jurisdiction over his successive habeas claims. See Dkt. 16 at 4-5. Therefore, petitioner's successive habeas claims shall be dismissed without prejudice for lack of jurisdiction.

**III.**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v.

4

Cockrell. 537 U.S. 322. 327 (2003). For the reasons discussed above, reasonable jurists would not debate that relief is unavailable under Rule 60(b)(6) and that the Court lacks jurisdiction over the motion's successive habeas claims. The Court will deny a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Janet Dowling, Warden, in place of Terry Martin, Warden, as party respondent.

2. Petitioner's motion for relief from judgement under Rule 60(b)(6) (Dkt. # 19) is adjudicated as follows:

   a. Rule 60(b)(6) relief from the October 3, 2000 dismissal order is **denied.**

   b. Petitioner's substantive claims are **dismissed without prejudice** for lack of jurisdiction, and as successive habeas claims filed without prior authorization from the Tenth Circuit.

3. A certificate of appealability is **denied**.

**DATED** this 9th day of May, 2018.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE